E. BRYAN WILSON
Acting United States Attorney

KELLY CAVANAUGH
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kelly.cavanaugh@usdoj.gov
AUSA Alaska Bar No. 0401002

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:20-cv-00310-JWS |
| Plaintiff, | ) |
| vs. | ) |
| $443,495.00 IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

### SCHEDULING AND PLANNING CONFERENCE REPORT

**I.     Meeting.**

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with Local Civil Rules 16.1 and 26.1(b), the parties conferred on **April 23, 2021**; the following persons participated:

Kelly Cavanaugh (attorney for plaintiff)

Walter Musgrove III (attorney for claimant)

The parties recommend the following:

II. **Discovery Plan.**

    A. **Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure. Are there changes that the parties are proposing to that rule for this case under Rule 26(a)?

    Yes ☐ No ☒ *[If yes, list proposed changes: ]*

    B. **Initial Disclosures / Preliminary Witness Lists.**

        1. The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:

          (a) ☐ Has been exchanged by the parties.

          (b) ☒ Will be exchanged by the parties on or before:

        **June 1, 2021**.

        2. Preliminary witness lists:

          (a) ☐ Have been exchanged by the parties.

          (b) ☒ Will be exchanged by the parties on or before

        **June 1, 2021**.

        3. Disclosure Statement. The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

          (a) ☐ Have been complied with.

(b) ☐ Compliance will be accomplished on or before *[date]*.

(c) ☒ Rule 7.1 is not applicable.

C. **Subjects and Timing of Discovery**. *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

1. List the subjects on which discovery may be needed:

2. Should discovery be conducted in phases or limited to or focused on particular issues? Yes ☐ No ☒ *[If yes, please describe the proposed phases or limitations: ]*

3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **twelve months** from the date of this report. *[If one or both parties contend that good cause exists for additional time for discovery, please explain: ]*

4. **Final Discovery Witness List.** A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on **November 1, 2021** *[this date must be not less than 45 days prior to the close of fact discovery]*.[1]

5. **Close of Fact Discovery.** Fact discovery will be completed on or before **May 3, 2022** *[see paragraph C.3 above]*.

---

[1] Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial.

6. **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

    (a) Expert witnesses shall be identified by each party on or before **September 3, 2021**, and each party may identify responsive supplemental expert witnesses within 14 days thereafter.

    (b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

    (i) By all parties on or before **October 3, 2021**; <u>or</u>

    By plaintiff(s) on or before *[date]*, and by defendant(s) on or before *[date]*;

    (ii) Rebuttal reports on or before 30 days from the service of the report being rebutted.

    (c) Expert witness discovery (include depositions) shall be completed by: **May 3, 2022** *[see paragraph C.3 above]*.

D. **Preserving Discovery and Electronically Stored Information (ESI)**

1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

    Yes ☐  No ☒  *[If yes, please identify the issue(s): ]*

2. Please state how ESI should be produced: Electronically stored information shall be produced in .pdf format, text searchable where possible. For good cause, a receiving party may request another

format of production for particular documents. Certain materials that are not susceptible to .pdf format production — such as imaging studies and slides and certain spreadsheet files — shall be produced in native format or some other mutually agreeable manner.

 3. Are there issues with preserving non-ESI discovery?

 Yes ☐ No ☒ *[If yes, please identify the issue(s): ]*

E. **Claims of Privilege or Protection of Attorney Work Product** *See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

 1. ☒   There is no indication that this will be an issue.

 2. ☐   The parties have entered into a confidentiality agreement.

 3. ☐   The parties will file their proposed confidentiality agreement on or before: *[date]*.

F. **Limitations on Discovery.** *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

 1. ☒   The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply except as indicated below.

2. ☐ The maximum number of depositions by each party will not exceed *[number]*.

   (a) ☐ Depositions will not exceed *[number]* hours as to any deponent.

   (b) ☐ Depositions will not exceed *[number]* hours as to non-party deponents.

   (c) ☐ Depositions will not exceed *[number]* hours as to party deponents.

3. ☐ The maximum number of interrogatories posed by each party will not exceed *[number]*.

4. ☐ The maximum number of requests for admissions posed by each party will not exceed *[number]*.

5. ☐ Other limitations: *[insert other limitations]*.

G. **Supplementation of Disclosures and Discovery Responses.** Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)?

Yes ☐ No ☒ *[If yes, explain: ]*

III. **Pretrial Motions.**

   A. Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

   Yes ☐ No ☒ *[If yes, explain: ]*

   B. Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

   1. Motions to amend pleadings or add parties will be filed not later than **September 3, 2021**. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

   2. Motions under the discovery rules will be filed not later than **May 3, 2022**.

   3. Dispositive motions (including motions for summary judgment) will be filed not later than **June 3, 2022**.

   4. Motions to exclude expert testimony shall be filed and served not later than **June 3, 2022**.

IV. **Trial.**

   A. The case is expected to take **under 5 days** to try.

   B. Has a jury trial been demanded? Yes ☐ No ☒

   C. Is the right to jury trial disputed? Yes ☐ No ☒

D.  The parties ☒ do / ☐ do not request the scheduling of a trial date at this time.[2]

   1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are <u>5 to 7 months</u> from the close of all discovery.

   Three mutually agreeable alternative trial dates:

   January 9, 2023

   January 30, 2023

   February 6, 2023

   2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

V. **Other Provisions.**

   A. **Court Conference.** The parties ☐ do / ☒ do not request a conference with the court before entry of a scheduling order. *[If requested, explain: ]*

   B. **Consent to Proceed before a Magistrate Judge.**

   The parties ☐ do / ☒ do not consent to trial before a magistrate judge.

---

[2] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge. Counsel and self-represented parties are advised to contact the assigned judge's Data Quality Analyst (DQA) to determine the judge's practice for establishing a trial date.

C. **Early Settlement / Alternative Dispute Resolution.**

1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

    Yes ☒  No ☒  *[If yes, explain: ]*

2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

    Yes ☒  No ☒

    **The claimant has requested a settlement conference or mediation. The United States does not request a settlement conference or mediation.**

    **The claimant requested this language be included in the Scheduling Report, "The parties acknowledge that both parties have competing interest in the asset that is the subject of this lawsuit. However, the parties believe an early mediation may allow for this case to be disposed of quickly without either party incurring excessive and unnecessary expenses and therefore preserving judicial economy. To further the goal of cost effective resolution of this matter, the parties have agreed to attending a virtual settlement conference with a judicial officer of the court to be scheduled with the court within 14 days of the execution of the Scheduling Report."**

**The U.S. does not agree to the inclusion of the statement but has nonetheless agreed to include it at the Claimants request. However, the U.S does not request a mediation or settlement conference.**

D. **Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)? Yes ☐ No ☒ *[If yes, describe: ]*

VI. **Report Form.**

A. Have the parties experienced a problem in using this form?

Yes ☐ No ☒ *[If yes, explain: ]*

B. Are there additional subjects that the parties would propose to add to this form?

Yes ☐ No ☒ *[If yes, explain: ]*

RESPECTFULLY SUBMITTED this April 30, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

s/ Kelly Cavanaugh
KELLY CAVANAUGH
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2021, a true and correct copy of the foregoing was served electronically on the following:

Walter Musgrove

s/ Kelly Cavanaugh

Office of the U.S. Attorney