E. BRYAN WILSON
Acting United States Attorney

KELLY CAVANAUGH
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kelly.cavanaugh@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$443,495.00 IN UNITED STATES CURRENCY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:20-cv-00310-JWS<br>) |

**CAUTION: READ BEFORE SIGNING**

**STIPULATION FOR COMPROMISE SETTLEMENT**

WHEREAS Plaintiff United States of America, by and through Bryan Wilson, Acting United States Attorney for the District of Alaska, and Kelly Cavanaugh, Assistant United States Attorney, and Claimant Antonio Woods (hereinafter "Claimant"), by and

through his counsel, Walter F. Musgrove III, wish to resolve this matter without additional utilization of judicial resources and without incurring further litigation expenses,

IT IS HEREBY STIPULATED as follows:

On July 20, 2020, the Drug Enforcement Administration (hereinafter "DEA") seized $443,495.00 in United States Currency (hereinafter "Defendant Property") at Anchorage, Alaska. Thereafter, the DEA sent Claimant a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings. On December 21, 2020, Claimant timely submitted a Seized Asset Claim Form to DEA asserting his interest in the Defendant Property. The Claimant represents that he is the sole owner of the defendant property.

The United States filed a verified complaint for a forfeiture in rem on December 21, 2020. The Claimant filed a verified claim and answer on March 29, 2021.

All persons believed to have an interest in the Defendant Property were given proper notice of the intended forfeiture. No other claimants have come forward to assert an interest in the Defendant Property, and the time for doing so has expired.

NOW THEREFORE, this STIPULATION FOR COMPROMISE SETTLEMENT is entered into between the parties pursuant to the following terms

1. The parties hereby stipulate and agree that the DEA had reasonable cause for the seizure of the Defendant Property and to institute this proceeding to forfeit the property.

2. The parties acknowledge that this Settlement Agreement is made as a compromise of a disputed claim without adjudication of any issue of fact or law. The

parties further acknowledge and agree that this agreement and all negotiations, discussions, and proceedings in connection with this settlement shall not be deemed to constitute an admission by Claimant of fault, liability, or wrongdoing as to any facts or claims alleged or asserted in this litigation, and shall not be received in evidence or otherwise used by any party in this litigation, or in any other action or proceedings, for any purpose except in connection with a proceeding to enforce this agreement.

3. Claimant agrees to forfeit to the United States the sum of Two Hundred Fifty-Three Thousand Four Hundred and Ninety-Five dollars ($253,495.00) of the Defendant Property. Claimant agree that all right, title, and interest in the Defendant Property shall be forfeited to and shall vest in the United States of America for disposition according to law.

4. The United States agrees to return to Claimant the sum of One Hundred and Ninety Thousand dollars ($190,000.00) of the Defendant Property.

5. Claimant knowingly and voluntarily waives any and all right to reimbursement by the United States of attorneys fees and/or litigation costs in connection with this action pursuant to 28 U.S.C. §2465(b)(1)(A) or any other statute. Each party to this Settlement Agreement is to bear its own costs and attorney's fees.

6. Payment of the One Hundred and Ninety Thousand dollars ($190,000.00) settlement amount will be made to Claimant though his attorney as follows:

| | | |
|---|---|---|
| a) | Payee Account Name: | WALTER MUSGROVE DBA MUSGROVE LAW FIRM |
| b) | (ABA) Routing Number: | For Direct Deposit use: 111900659 For Wire Transfers use: 121000248 |
| c) | Payee Account Number: | 8891360359 |
| d) | Account Type: | TX IOLTA ACCT |
| e) | Financial Institution: | Wells Fargo |

7. Claimant hereby agrees to release and forever discharge the United States, its agencies, agents, employees, and officers, and any other foreign, state, or local law enforcement agents or officers involved in the investigation relating to this case, from any and all claims, liens, demands, obligations, actions, causes of action, indemnifications, damages, liabilities, losses, costs and expenses, of any nature whatsoever, known or unknown, past, present or future, ascertained or unascertained, suspected or unsuspected, existing or claims to exist, which said Claimants may have had, now have, or may hereafter have, arising out of the seizure, handling and disposition of the Defendant Property, the investigation leading to such actions, and the subsequent forfeiture proceedings.

8. If any person or entity other than claimant[s] make a claim to the defendant property and such claim necessitates any further forfeiture proceedings regarding the defendant property, claimant[s] agree[s] to cooperate fully with the United States in any such further forfeiture proceedings.

9. This Stipulation constitutes the entire agreement and understanding between the parties regarding this litigation. Any statement, representation, remark, agreement, or understanding, in written or oral form, that is not contained in this

Stipulation shall not be enforced, recognized, or used to interpret this Stipulation.

10. This Stipulation cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.

11. Claimant acknowledges that he has discussed this Stipulation with his counsel, who has explained this document to him, and that he understands all of the terms and conditions of this Stipulation.

12. This Stipulation shall be considered a jointly drafted agreement and shall not be construed against any party as the drafter.

13. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

//

//

Page 1 of 5
STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE

14. After this Stipulation has been fully executed, the United States agrees to file a notice of stipulated settlement in the above-captioned action consistent with the terms of this agreement.

**WHEREAS**, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this 27 day of JULY, 2021.

UNITED STATES OF AMERICA

BY: _____
Kelly Cavanaugh
Assistant U.S. Attorney
Attorney for Defendant
United States of America

Executed this 26 day of July, 2021.

WALTER F. MUSGROVE III

BY: _____
Attorney for Claimant

Executed this 26 day of July, 2021.

BY: _____
Antonio Woods

Page 1 of 5
STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE